NAPOLEON B. BRYANT *vs.* JOHN FUSSEL, Administrator.

The creditor of a decedent cannot, in Rhode Island, begin suit against the administrator of the deceased by attaching a debt due to the latter from another person.

MOTION for an order of the court to compel a garnishee to answer questions filed.

*January* 22, 1876.    POTTER, J.    In this case the plaintiff, a resident of Massachusetts, who claims to be a creditor of a woman who died a resident of Massachusetts, comes into Rhode Island and here sues John Fussel, the Massachusetts administrator (there being no administrator in Rhode Island), and somehow obtains a judgment against him.

The plaintiff then commences an action of debt on the judgment against the same John Fussel, of Boston, administrator of Euphemia Fussel, and the officer is ordered to serve the writ by attaching the estate of said John Fussel, administrator, in the hands of John B. Hennessy, of Providence, and it was so served.

The garnishee makes oath that at the time of service he had no property of the defendant or of the defendant's intestate in his hands.

It seems from the answers to interrogatories and from the statements of counsel, that Hennessy had given a bond to Euphemia Fussel, the deceased, to convey to her certain lands, &c., or what remained thereof after payment of certain debts to secure which the land had been conveyed to him. Hennessy refusing to answer the sixteenth interrogatory asking for a detailed statement, the plaintiff moves for an order requiring him to answer.

We can find no authority in common or statute law for such a proceeding. Our foreign attachment law authorizes no such attachment.

We have but one way of collecting debts due from the estate of a deceased person, and that is provided by the statute regulating the settlement of such estates.

There is no authority whatever for collecting such debts by suing the administrator (even if he should be the Rhode Island administrator), and by attaching a debt due to the deceased from another person. The debt is not the personal property of the administrator, and the administrator in Massachusetts had no control over this debt due to his intestate in Rhode Island.

An administrator may indeed render himself personally liable by a special promise, but this suit is not founded on any such ground. And even in that case the writ could not be served by attaching a debt due to the deceased. *Motion denied.*

*John F. Lonsdale*, for plaintiff.

*Thurston, Ripley & Co.*, for defendant.